IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stephanie Leiner, *on behalf of herself and all others similarly situated* ) ) ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case 15 C 5876 |
| ) ) | |
| Johnson & Johnson Consumer Companies, Inc., ) ) ) | |
| Defendants. ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Stephanie Leiner complains on behalf of herself and a class that defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") by labeling and advertising two of its products (together, the "Bedtime Bath Products") as "clinically proven" to help babies sleep better when it knew that the products had not been clinically proven to have that effect. Defendant has moved to dismiss the case and/or to strike plaintiffs' class allegations. The motion is denied for the following reasons.

Defendant's lead argument is that plaintiff lacks standing to seek injunctive relief, since, no longer fooled by defendants' deceptive statements, she is not likely to purchase the Bedtime Bath Products again. Defendant also insists that

plaintiff lacks standing to pursue class claims arising out of the purchase of Bedtime Bath Products any time before 2014, when she herself bought the products. I agree with plaintiff, however, that *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008), reveals the flaw in these arguments. In *Arreola*, the Seventh Circuit explained that "[a]lthough the two concepts unfortunately are blurred at times, standing and entitlement to relief are not the same thing." *Id*. at 794-95. Accordingly, while the court of appeals agreed with the district court that the plaintiff--an inmate who was no longer incarcerated at the facility whose conduct he sought to enjoin--had too tenuous an interest in prospective relief to maintain a viable claim for an injunction, *id.*, at 799, it nevertheless concluded that his Article III standing was secure. *Id*. at 795 ("Arreola did have standing to pursue his lawsuit. Whether he is entitled to relief on any or all of those claims and whether he may serve as an adequate class representative for others asserting such claims are separate questions....")

I am mindful that in *Bohn v. Boiron, Inc*., 11 C 8704, 2013 WL 3975126, at *2-*3 (N.D. Ill. Aug. 1, 2013) (Durkin, J.), the court concluded that the plaintiff lacked Article III standing to obtain an injunction under ICFA on behalf of a class because she disclaimed any likelihood of being personally injured by the defendants' conduct in the future. Indeed, courts have split on

2

whether a plaintiff who, having unveiled the defendant's deception, is unlikely to purchase (or affirmatively disavows the intent to purchase) the defendant's product in the future nevertheless maintains standing to pursue injunctive relief under state consumer protection statutes. *See, e.g.*, *Tomasino v. Estee Lauder Companies Inc.*, 44 F.Supp.3d 251, 255–56 (E.D.N.Y. 2014) (plaintiff lacked standing to seek injunctive relief because she was unlikely to purchase product again); *Davidson v. Kimberly-Clark Corp.*, 14-CV-1783, 2014 WL 3919857, at *5 (N.D.Cal. Aug. 8, 2014). The better view, however, and the one consistent with *Arreola*, is the one taken by courts that have declined to hold that plaintiffs lacked standing based on the fact that they abandoned the product upon their discovery that it had been deceptively labeled or advertised. *See, e.g., Ackerman v. Coca-Cola Co.*, No. 09 CV 395 (DLI)(RML), 2013 WL 7044866, at *15 (E.D.N.Y. July 18, 2013); *Henderson v. Gruma Corp.*, No. 10-cv-4173, 2011 WL 1362188, at *7 (C.D. Ca. Apr. 11, 2011); *Larsen v. Trader Joe's Co.*, No. C 11-5188, 2012 WL 5458396, at *4 (N.D. Ca. Jun. 14, 2012); *Koehler v. Litehouse*, Inc., No. 12 CV 04055, 2012 WL 6217635, at *6 (N.D.Cal. Dec.13, 2012). These courts acknowledged the public policy conundrum inherent in the contrary view: the injunctive provisions of consumer protection statutes such as ICFA could never be invoked to enjoin deceptive practices if the complaining consumer's

3

standing dissipated the moment she discovered the alleged deception and could no longer be fooled. While it is true, as *Bohn* observes, that public policy concerns do not confer Article III standing on a plaintiff who fails to allege an individual injury in fact, I am satisfied that plaintiff has alleged a legally cognizable injury resulting from defendant's alleged deception, and thus has standing to bring her claims. Whether plaintiff is an appropriate class representative with respect to some or all of these claims is an issue properly decided after discovery and briefing on class certification. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011) (plaintiffs in putative class actions are entitled to develop factual record before class certification is determined), *overruled on other grounds by Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015).

Defendant's next argument—that the statements defendants made about the Bedtime Bath Products being "clinically proven" were actually *true*—is a merits argument outside the scope of what I may appropriately decide on a motion to dismiss. Straining to liken this case to *Greifenstein v. Estee Lauder Corp.*, Inc., No. 2013 WL 3874073 (Jul. 26, 2013) (Chang, J.) (dismissing without prejudice a consumer complaint of false labeling and advertising under ICFA), defendant seeks to recast plaintiff's claims as challenging the "sufficiency" of

4

defendant's clinical testing. Contrary to defendant's argument, however, plaintiff does not complain about the "methodology" of defendant's testing. Rather, she complains that defendant did not clinically test the Bedtime Bath Products at all, but instead tested a "routine," rendering defendant's claims that the *products* had been clinically tested deceptive or misleading. That is unlike the plaintiff's claim in *Greifenstein*, which rested on allegations that the defendant's claims were "disproved by competent clinical evidence and based on flawed company-sponsored testing." *Id*. at *1.[1] Indeed, the plaintiff in *Greifenstein* affirmatively argued that lack of substantiation for the challenged statements, along with the existence of studies allegedly revealing the statements' falsity, are what rendered the statements false. *Id*. at *4. Plaintiff's claims are decidedly not of that ilk.

Nor is there merit to defendant's argument that plaintiff's ICFA claim is not pled with particularity. Plaintiff identifies (and, indeed, attaches to her complaint) the labels she claims

---

[1] Plaintiff's allegation that defendant "cites to its own 'baby care experts'" in its Infant Sleep Guide, from which it may be possible to infer plaintiff's skepticism about the truth of defendant's statements based on their source, does not convert her claim to one based on inadequate substantiation in view of her clear allegations elsewhere that defendant "expressly represented that the Products were clinically proven to help baby sleep better," despite "know[ing]...contrary to the clear labeling and advertising, [that] the Bedtime Products themselves are not clinically proven." Complaint at ¶ 24-25.

5

contain false, deceptive, or misleading statements.  She states where and when she saw the labels.  She alleges that she paid a premium of "at least $1.00" or "at least twenty-five percent" for the Bedtime Bath Products, compared with defendant's other products not specifically labeled and marketed as helping babies sleep better.  No more is needed to satisfy Rule 9(b).  *See, e.g., Greifenstein*, at *4, *7 (allegations containing date and location of purchase sufficient to plead "where" and "when" of an ICFA claim, and allegations that plaintiff paid an "unwarranted premium" based on false statements sufficient to plead actual damages).

Finally, defendant argues that plaintiff's unjust enrichment claim must be dismissed because it cannot stand in the absence of a viable ICFA claim.  Because I conclude that plaintiff's ICFA claim is adequately pled, there is no apparent basis for dismissing her unjust enrichment claim.

Nor am I persuaded that striking plaintiff's class allegations is appropriate. Defendant's lead argument in this connection is again that plaintiff lacks standing, which I reject for the reasons explained above.  Defendant's remaining arguments—that the proposed class is over-inclusive, that the class claims will require individualized proof, and that some class members may not have relied on the challenged statements, or may have relied on different labels than the ones plaintiff

6

saw—are either premature, do not necessarily preclude class treatment, or both.

For all of these reasons, defendant's motion is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 12, 2016