UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE LEINER, Individually and on Behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.<br><br>Defendant. | 15-CV-5876<br><br>Hon. Elaine E. Bucklo |

## OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

Class member and objector, Ashley Hammack, ("hereinafter Objector") opposes the class action settlement for the reasons stated below. Objector purchased one or more Covered Products during the Class Period. Objector submitted a claim in this case, but the administrator did not send her a claim number. Objector's counsel has successfully objected to one case: *Saul Kaufman v. American Express Travel Related Services*, 1:07-CV-01707 and Objector has successfully objected to one case: *Miloro v. Van's International Foods, Inc.*, 15PHcv00642.

### I.     Arbitrary Rules

Class members are arbitrarily limited to 5 purchases of a Covered Product without a proof of purchase, and 10 purchases of a Covered Product with a proof of purchase. In a 6 year time period, it is extremely likely that class members would have bought the same product more than 5 times in a single year, much less a 6 year time period. It is also unlikely that a class member would have a proof of purchase after more than a short time period. The maximum amount of product claimed without a receipt should be increased.

1

Along the same line, if class members, for whatever reason, have kept proofs of purchase for more than 10 items, they should be allowed to claim whatever purchases they have proof of. There is no justifiable reason to limit class members who can prove that they have bought the Covered Products during the 6-year time period. This arbitrary provision can only benefit the defendant and is indicative of collusion between class counsel and defendant.

## II.  Cy Pres Distribution

The cy pres distribution should be to non-profit organization that more closely aligns with the underlying claims of the class action. This class action is about deceptive advertising. The cy pres beneficiaries should be devoted to eradicating deceptive advertising in consumer products. Though the organization Nurse-Family Partnership and the organization Newborns in Need are undoubtedly worthy organizations, they are not related to the underlying cause of action.

"The cy pres doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the "next best" class of beneficiaries. See *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307–08 (9th Cir.1990). Cy pres distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). The 7th Circuit has said that "Payment of $10,000 to a charity whose mission coincided with, or at least overlapped, the interest of the class (such as a foundation concerned with consumer protection) would amplify the effect of the modest damages in protecting consumers." *Hughes v. Kore of Indiana Enter., Inc.*, 731 F.3d 672, 676 (7th Cir. 2013).

2

Here, the organizations chosen by the parties have no interest in either the underlying cause of action or the actual class members. For the Nurse-Family Partnership organization, the organization serves first-time mothers who are newly pregnant. http://www.nursefamilypartnership.org/communities/model-elements. Class members who have bought the Covered Products are most likely parents who already have had a baby. Class members most likely will not be able to participate in the Nurse-Family Partnership organization. A donation to the Nurse-Family Partnership organization will not benefit class members.

Likewise, the Newborns in Need organization also will not benefit class members. Per the organization's website, the organization brings a basket full of blankets, diapers, and baby clothes to newborn babies. https://newbornsinneed.org/our-work/. All class members who already had a baby will not be able to benefit from this organization. The Court should choose organizations that are related to the underlying causes of action or will somehow benefit class members. Truth in Advertising, Inc., is a 501(c)(3) non-profit organization dedicated to supporting consumers against false advertising is a far more appropriate cy pres recipient in this case. The currently chosen organizations are not the next best distribution to the class.

### III. Injunctive Relief

The injunctive relief is worthless to the class. The changes to the labeling occurred before the settlement took place. In addition, the Defendant can change the labeling whenever it wants. The stipulation states that, "Nothing in this Agreement shall preclude JJCI from making further changes to any of its product labels or marketing…" p. 21. No amount of the settlement should be allocated for injunctive relief.

3

## IV. Relief

Objector urges the Court to distribute all of the money to class members instead of making any cy pres distribution. The class members were the ones who were harmed and they should be compensated, not a third party.

## V. Notice

If by the hearing date, an inadequate number of class members have filled out a class form, then the Court should order additional notice to the class. The Court should also provide direct notice to any class member in which they have an address. The Court should consider the total potential class members compared to the total number of claims filed. This information will give the Court a fair understanding of how effective the notice was. If the percent of people filing claims is too low, the Court should require additional notice to class members and extend the claim submission deadline.

## VI. Options for Class Members

The website should be designed for class members to be able to opt out online. There is no reason why class members should have to go through the mail to opt out instead of filling out a claim form. The Court should order the parties to make it as easy as possible for class members to choose to either fill out a claim form or opt out.

## VII. Attorney's Fees

The attorney's fees are too high at 33% of the total settlement. The attorney's fees should be tied to the amount of compensation that the class actually receives. If a large chunk of money goes to cy pres beneficiaries, then class counsel should not be awarded the same amount of fees.

Class counsel should only get awarded for the amount of money that gets into the hands of class members.

Additionally, attorney's fees should not be awarded for notice and administrative expenses. "Those costs are part of the settlement but not part of the value received from the settlement by the members of the class." *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) *cert. denied sub nom. Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (2015).

In addition, the attorney fee motion should be posted on the settlement website so that class members can view and voice their opinion. As of November 29, 2016, the Fee Motion was not posted on the website.

### VIII.  Release

The Release is extremely overbroad. It covers all future or potential claims related to "labeling, marketing, advertising, packaging, promotion, manufacture, sale and distribution of all Covered Products." P. 38. The Release should be much more narrowly tied to the specific claims of the action, and not for unknown future claims.

### IX.  Evaluation of the Settlement

The Court should look for all signs of collusion as well as fully look at the amount of money actually going to the class. The Court should not approve the settlement until it knows how many claim forms were submitted and how much money will end up in the hands of the class members.

For the foregoing reasons, the Court should deny final approval of the settlement and it should be modified per this objection for the benefit of all class members.

I, Ashley Hammack, 2813 Lavell, Wichita Falls, TX 76308, 940-867-6380, hereby personally attest that I have discussed this objection with my attorney and agree with its contents and neither my attorney nor I intend to attend the fairness hearing.

Date: December 5, 2016   By: _____
                              Ashley Hammack

Dated: December 5, 2016   By:  /s/ Brian Custy
                              Brian Custy
                              Custy Law Firm, LLC
                              101 W. 84th Drive, Suite A
                              Merrillville, Indiana 46410
                              Telephone: 219.660.0450
                              bcusty@custylaw.com

                              **Attorney for Objector/Class Member**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on December 5, 2016 and served by the same means on all counsel of record.

   /s/ Brian Custy
   Brian Custy