UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE LEINER, individually and<br>On behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON CONSUMER<br>COMPANIES, INC.,<br><br>Defendant. | Case No.: 15-CV-5876<br>Hon. Elaine E. Bucklo<br><br>FILED<br>DEC 22 2016 TM<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

**OBJECTION OF PAMELA A. SWEENEY, PRO SE TO PROPOSED SETTLEMENT & NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING**

NOW COMES, Pro Se Objector PAMELA A. SWEENEY and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN THE CLASS

Upon information and belief PAMELA A. SWEENEY, PRO SE ("Objector") has reviewed that certain notice of class action and proposed settlement which is undated (the "Notice"). As a result, she has determined that she is a member of the class, as it is defined in that Notice. She has filed a timely claim. Her address, e-mail address and telephone number are listed at the conclusion of this objection.

### NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that she does NOT intend to appear at the Fairness Hearing presently scheduled for January 18, 2017 at 10:00 a.m. CST at

1

the United States District Court for the Northern Division of Illinois, United States Courthouse, 216 South Dearborn Street, Chicago, IL 60604.

### REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

   It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

   Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law developed (all three collectively referred to herein as "Class Action Policy"). Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard "for Class Action settlements.

2

2. Although the fee calculation appears to be fair, in particular the fees and costs for lead Class Counsel, Shepherd, Finkelman, Miller & Shah, LLP, however, the individual time and cost entries are shown in summary format only. All fees and costs requested should be shown in greater detail including each time entry and detailed cost entries. Objector believes no fee request can be adjudicated as reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and details of cost incurred). The detailed billing statements are the only method which they can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request. Objector hereby requests that these detailed billing statements be ordered posted on the Settlement Website for review by all Class Members and the Court prior to any monies being distributed to Class Counsels.

3. The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

4. Objector has objected in the following cases in the last 5 years:

      (a) US Bank Case No.09-02036 Southern Florida
      (b) Trader Joes Case No. 11-05188 Northern California
      (c) Justice Case No.14-02562 Eastern Pennsylvania
      (d) Blue Buffalo Case 14-02562 Eastern Missouri
      (e) Walgreens Case No. 13 C 4806 Northern Illinois
      (f) Snyders Case No. 13-62496 Southern District of Florida
      (g) Western Union Case No. 14-cv-1741 Northern Illinois

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

3

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Respectfully submitted,

*Pamela A. Sweeney*

Pamela A. Sweeney, Pro Se
6666 Odana Road
Suite 116
Madison, WI 53719
424-488-4383
pam.sweeney1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2016, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Northern District of Illinois at the address listed below by sending this document via U.S. First Class Mail. In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition, the undersigned has sent a copy via U.S. First Class Mail and email to the counsel listed below.

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
 Northern District of Illinois
 219 South Dearborn Street
Chicago, IL 60604

James C. Shah
Shepherd, Finkelman, Miller & Shah, LLP
35 E. State Street
Media, PA 19106

Mark A. Neubauer
CARLTON FIELDS JORDEN BURT, LLP
2000 Avenue of the Stars
Suite 530

4

North Tower
Los Angeles, CA 90067-4707

Kristen Reilly
CARLTON FIELDS JORDEN BURT, PA
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC

_____
Pamela A. Sweeney, Pro Se